IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KAREN L. CHASE                                          PLAINTIFF

        v.                      CIVIL NO.:09-5212

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karen Chase, appealed the Commissioner's denial of benefits to this court. On October 27, 2010, an Order was entered remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 13.  On January 14, 2011, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $4, 444.35 representing 27.40 attorney hours at an hourly rate of $152.00, 3.35 paralegal hours at an hourly rate of $75.00 and $28.30 in expenses.   ECF No. 14-2.  The defendant has filed a response to plaintiff's motion, voicing an objection to the total number of hours requested.  ECF No. 16.

**EAJA:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After reviewing the file, we find plaintiff is a prevailing party in this matter.  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

2

following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $152.00.

**HOURLY RATE:**

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28

3

U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel is entitled to an hourly rate above the statutory minimum in the amount of $152.00 per hour.

Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour. We find $75.00 per hour for paralegal work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

## ATTORNEY HOURS:

We next address the number of hours plaintiff's counsel claims she spent working on this case. Counsel requests 1.00 hours for reviewing the decision of the ALJ and and deciding whether to take the case, .50 hours for preparing a letter to Plaintiff offering to take the case, .20 hours for receiving and reviewing the pauper forms for filing, .10 hours for receiving and reviewing the Order allowing filing nunc pro tunc, .20 hours for reviewing and completing the letters of service, .10 hours for receiving and reviewing the order of reference, .25 hours for receiving and reviewing the scheduling order, .50 hours for preparing a letter to Plaintiff outlining the issues addressed in the brief, .20 hours for receiving and reviewing the Order granting Defendant's Motion for Extension of time, .50 hours for preparing a letter to Plaintiff

4

outlining the Defendant's brief, .20 hours for receiving and reviewing the notice of filing of supplemental transcript, and a total of 1.75 paralegal hours for preparing the EAJA motion and its supporting documentation. After reviewing the aforementioned items, this court concludes that it should not have taken this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). We note that Counsel is well versed in social security law and has represented numerous Plaintiff's before this Court and the administration. We also note that many of the documents she seeks compensation for reviewing are standard one page Orders filed in every social security case filed within this district. As such, we find the time she has requested to be excessive. Therefore, we will deduct 2.05 attorney hours and .25 paralegal hours from the total number of compensable hours.

Counsel has also requested 1.00 paralegal hours for preparing and sending summonses and service letters, .10 hours for receiving a call from the US Attorney's Office concerning their motion for extension, and .25 hours for changing the calendar regarding the due date of Defendant's brief. We find that the these tasks could have easily been performed by a member of counsel's support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA. Their performance requires no special legal knowledge or training. Accordingly, we will deduct 1.35 paralegal hours from the total hours compensated.

The undersigned notes that counsel has requested compensation for a total of 17.40 hours for reviewing the 531 page administrative transcript and preparing the plaintiff's 21 page appeal brief, only five pages of which contain legal argument. There were no unique or complex issues to be developed in this particular case, and, as previously stated,  plaintiff's counsel frequently

5

represents social security plaintiff's before this court.  As requested in her motion for EAJA, she has already been compensated for .70 hours for reviewing the medical records prior to filing the Petition with this Court and .75 hours for preparing the Complaint.  Given the length of the transcript and the issues involved in this case, we find the time submitted for preparing this brief to be excessive.  Therefore, we will reduce the number of hours submitted for the preparation of plaintiff's brief to 14.00 hours.

Additionally, counsel requested compensation for .20 attorney hours for filing her response to Defendant's motion for extension of time to file their brief.  However, no response was requested or required of Plaintiff.  Accordingly, .20 attorney hours will be deducted from her total time compensated.

## EXPENSES:

In addition, Counsel seeks reimbursement for $28.30 in expenses incurred with regard to filing fees and expenses.  Such expenses are recoverable under the EAJA and we find $28.30 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

## CONCLUSION:

Based on the above, we recommend awarding attorney fees under the EAJA for: 21.75 (27.40-5.65) attorney hours at the rate of $152.00 per hour, 1.50 (3.35-1.85) paralegal hours at the rate of $75.00 per hour, and $28.30 in expenses, for a total attorney's fee award of $3446.80.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.  Further, the Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney.  *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010).  Therefore, any EAJA award by this Court should be made

payable to plaintiff and not plaintiff's counsel.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 25th day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)